LOUIS T. DURYEA et al., as Executors, etc., Appellants, v. WILLIAM C. VOSBURGH, Respondent.

(Argued April 11, 1893; decided April 25, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made the second Monday of February, 1892, which affirmed a judgment in favor of defendant, entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This action was brought to recover $6,000, alleged to have been received by defendant, as agent of plaintiff, and wrongfully appropriated to his use. Defendant denied any agency or misappropriation, and averred that he acted as agent of one Edward S. Peck, his copartner, in selling to plaintiffs the interest of Peck in the partnership, and, as such agent, dealt with plaintiffs, receiving for his compensation, and for his consent to the sale, the sum sought to be recovered. The plaintiffs claimed that defendant represented to them that Peck's lowest price for his interest was $51,750, and they, relying on

such representation, paid that amount for it, while defendant had, in fact, negotiated with Peck for the sale at $45,750, and that this was the actual price received by Peck, defendant having retained the balance, viz.: $6,000.

The following is the opinion in full.

"The court, upon request, charged the jury that before they could find a verdict against defendant, they must find that $51,750 was not Peck's lowest price in view of the sum that he was to pay Vosburgh. We think this was error. Taking the evidence on the part of the plaintiffs as true, which we must, when looking at the case with reference to this charge, we have the defendant occupying the position of their agent for the purpose of ascertaining the lowest price at which Peck would sell his interest in the business. As such agent, he was bound in good faith to perform that duty, and to ascertain and report to the plaintiffs what the lowest price was. Did he perform such duty, by ascertaining the lowest price that Peck would take for his interest, and then silently adding to that sum the amount of $6,000, which was to be paid by Peck to defendant as the price of his consent to the transfer of the partnership interest by Peck, and reporting to the plaintiffs this total sum for Peck's interest and for defendant's consent, as the lowest price for Peck's interest alone? We think not.

"If defendant were such agent, it would have been his duty to inform the plaintiffs that the lowest price for Peck's interest was a certain sum, but to that was to be added another sum as a consideration to defendant to obtain his consent to taking in as a partner the person who was to purchase the interest of Peck.

"It is true that in the main charge the court instructed the jury that, if under the circumstances, the defendant acted as the agent of the plaintiffs to get the lowest price from Peck, he was liable But the request made by defendant's counsel subsequent to the main charge, might well be understood as qualifying that statement in the manner and to the extent mentioned in the request. After this charge, as made upon the request, there was not much left of the plaintiff's case.

"This error was material and radical. The judgment must

therefore, be reversed, and a new trial granted, with costs to abide the event."

*E. Countryman* for appellants.

*Matthew Hale* for respondent.

*Per Curiam mem.* for reversal.

All concur.

Judgment reversed. _____